NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INN WORLDWIDE, INC.,    ) | |
|            ) | |
|      Plaintiff,    ) | |
|            ) | |
|   v.        ) | |
|            ) | |
| SWAMI, INC., SEJAL PATEL, KIRIT   ) | |
| PATEL, and JITENDRA PATEL,    ) | Civil Action No.: 06-4669 (JLL) |
|            ) | |
|     Defendants and   ) | **O P I N I O N** |
|     Third-Party Plaintiffs, ) | |
|            ) | |
|   v.        ) | |
|            ) | |
| MAPLEWOOD INN, LLC,    ) | |
|            ) | |
|     Third-Party    ) | |
|     Defendant.    ) | |

For Third-Party Defendant: Anthony R. Mautone, Jr. (*Mautone & Horan, P.A.*)
                Frank J. Varonese (*Melvin & Melvin, PLLC*)

For Third-Party Plaintiff: Anthony E. Bush (*Sterns & Weinroth*)
              Christina J. Vassiliou (*Sterns & Weinroth*)

**LINARES, District Judge.**

This matter comes before the Court on the motion of Third-Party Defendant Maplewood Inn, LLC ("Third-Party Defendant" or "Maplewood") to dismiss or transfer the Third-Party Complaint filed against it by Defendant and Third-Party Plaintiff Swami, Inc. ("Third-Party Plaintiff" or "Swami") on April 11, 2008 [CM/ECF #45]. No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth herein, Maplewood's motion is granted.

### INTRODUCTION

In 2004, Swami operated a hotel in Liverpool, New York State, as a Days Inn under a license agreement with Days Inn Worldwide, Inc. ("Days Inn"). (Swami Br. at 1.) Days Inn terminated Swami's license agreement in December, 2004. (Id.) Swami claims that it ceased operating a hotel on the Liverpool premises at the termination of the license agreement. (Id.)

Upon Swami ceasing hotel operations, the company that owned the assets and real property of the hotel, AVN Realty Estate Holding, LLC ("AVN"), operated the hotel. (Id.) In June 2005, however, AVN sold the property and the hotel assets to Maplewood pursuant to an agreement this Court shall refer to as the "Maplewood/AVN Agreement," attached as Exhibit A to the Vavonese Declaration accompanying the moving papers for this motion. (Id.; Vavonese Dec. Ex. A.) AVN later assigned the agreement to Swami. (Id.)

Days Inn eventually brought suit against Swami in this Court for violating the licensing agreement between Days Inn and Swami. Swami, in turn, filed a Third-Party Complaint against Maplewood, seeking indemnification and contribution for the some of the damages sought by Days Inn against Swami—specifically, any damages for after the June 2005 sale to Maplewood. (Id. at 2.)

### DISCUSSION

Maplewood seeks to dismiss the Third Party Complaint filed by Swami based on the venue selection clause in the Maplewood-AVN Agreement, or in the alternative transfer the Third Party Complaint to the Northern District of New York. (Maplewood Br. at 5-6.) Maplewood also argues that it should not have been subject to the Third Party Complaint filed against it as it is not an indispensable party to the Days Inn/Swami action, and therefore should

2

not have been subject to impleading. (Id. at 7-8.) Maplewood further claims that the assignment of the Maplewood/AVN Agreement to Swami was champertous, and thus unenforceable. (Id. at 8-9.)  Because Maplewood's arguments as to champerty would foreclose the remaining issues before this Court, this Court will address Maplewood's final argument first.

A.      **Champerty and Swami's Rights under the AVN Assignment**

New York law provides that the assignment of a contract for the purpose of bringing a lawsuit is void under its champerty statute.  N.Y. Judiciary Law § 489; Elliot Assocs., L.P. v. Republic of Peru, 948 F. Supp. 1203, 1208 (S.D.N.Y. 1996).  "Under New York law, a defendant asserting the affirmative defense of champerty must demonstrate that the plaintiff acquired the claim for the 'sole' or 'primary' purpose of bringing suit."  Elliott Assocs., L.P., 948 F.Supp. at 1208.

Maplewood does not provide the full panoply of facts required for this Court to come to a determination that the primary purpose of Swami in obtaining the assignment of the Maplewood/AVN Agreement was to engage in litigation.  Id. at 1208-09 (noting that the champerty inquiry is fact-intensive).  Maplewood's bare assertion of the statute, unsupported by specific arguments as to Swami's intent that can be inferred from the available facts, does not suffice to establish champertous purpose under New York law.  Id. at 1209.  This Court finds, therefore, that the assignment may not be voided on the present record for violation of New York's champerty statute.

Similarly, this Court cannot successfully unpack the remainder of Maplewood's arguments against the enforceability of the Maplewood/AVN Agreement assigned to Swami.

This Court will not, on the basis of conclusory allegations mentioned seriatim in one sentence of a brief, trawl through the record in order to support the allegations of a represented party.  See United States v. Winkelman, 548 F. Supp 2d 142, 150 (M.D. Pa. 2008); Davis v. City of East Orange, No. 05-3720, 2008 WL 4328218, at *12 (D.N.J. Sept. 17, 2008) (Linares, J.) (finding that Court does not bear responsibility for finding record support for challenged pleading).  The remainder of Maplewood's rationales for the assignment's invalidity fall into the category of conclusory allegations unsupported by argument or facts in the record.  (Maplewood Br. at 8.)  This Court, therefore, refuses to find that the assignment by AVN to Swami was void in law or that it failed to confer any rights to Swami.

**B.      Forum Selection Clause**

Maplewood's principal contention on the instant motion is that the forum selection clause in the AVN/Maplewood Agreement must be given force and effect by this Court, and that the Third-Party Complaint must be dismissed or venue transferred to the Northern District of New York.  (Maplewood Br. at 5-6.)   Swami, on the other hand, argues that the forum selection clause at issue applies only to the place of trial, not the place of case management, and also argues that discovery is necessary from Maplewood to determine whether or not the Days Inn marks were misused during the period in the original complaint during which Maplewood operated the hotel.  (Swami Br. at 14-15.)

Forum selection clauses are presumed to be enforceable.  In re Exide Techs., 544 F.3d 196, 218 n.15 (3d Cir. 2008).  Such clauses will be enforced unless they violate a strong public policy of the forum.  In re Exide Techs., 544 F.3d at 218 n.15.

Third-party defendants do not generally possess standing to challenge the venue of a

proceeding.  One Beacon Ins. Co. v. JNB Storgae Trailer Rental Corp., 312 F. Supp 2d 824, 828-29 (E.D. Va. 2004) ("[I]t is true, under the doctrine of ancillary venue, that third-party defendants have no standing to raise a defense that venue is improper.").  However, courts have routinely applied forum selection clauses as a valid venue defense despite the doctrine of ancillary jurisdiction.  Zurich Insurance Co. v. Prime, Inc.  419 F. Supp 2d 384, 386 (S.D.N.Y. 2005); Kennebec Telephone Co., Inc. v. Sprint Communication Co. Ltd. Partnerships, 477 F. Supp 2d 1058 (D.S.D. 2007); Lafargue v. Union Pac. R.R., 154 F. Supp 2d 1001, 1004 (S.D. Tex. 2001) (finding that transfer appropriate in venue selection clause case despite inapplicability of statutory venue to third-party defendants).  This Court, therefore, finds that Maplewood possesses standing with respect to the motion to dismiss based upon the forum selection clause. See Zurich Ins. Co., 419 F. Supp 2d at 386.

The forum selection clause in question reads as follows:

> This Agreement will be governed by and construed in accordance with the laws of the State of New York.  The County of Onondaga in the State of New York is hereby designated as the place of trial for any action or proceeding arising out of or in connection with this Agreement.

Vavonese Dec. Ex. A § 21.  Swami asserts that the phrase "place of trial" in the clause must be strictly construed, and that the parties only intended that the actual trial itself be conducted within Onondaga County in New York State.  (Swami Br. at 14.)  This Court does not agree with Swami's construction of the word "trial" in the context of a forum selection clause.

Performing all of the case management regarding the Third Party Complaint in this District would, technically, comply with the terms of the AVN/Maplewood Agreement if the word "trial" was limited to its definition in Black's: "[a] formal judicial examination of evidence

5

and determination of legal claims in an adversary proceeding." Black's Law Dictionary 1543 (8th ed. 2004). This Court, however, cognizant as it is of the needs and practices of modern trial practice, declines to read the word so narrowly. While there are situations, such as multidistrict litigation, where centralizing case management and preparing cases for litigation elsewhere is desirable and efficient, this is not one of those cases. Here, a broader reading of the word "trial" in the forum selection clause is appropriate. In this context, the phrase "place of trial" embraces a district in which both pretrial matters and a formal trial would be heard, as such a meaning is more consistent with the state of modern legal practice where few cases proceed to the proverbial "formal judicial examination." Id. This Court, therefore, finds that Swami's reading of the forum selection clause does not cover the intent of the parties, and that the word "trial" in the Maplewood/AVN Agreement encompasses more than simply the actual jury or bench proceeding during which liability and damages would be litigated.

In Kennebec Telephone Co., Inc. v. Sprint Communication Co. Ltd. Partnerships, 477 F. Supp 2d at 1061, the District of South Dakota faced a similar situation. A third-party defendant sought to dismiss a third-party complaint through enforcement of a forum selection clause, and the court, after finding that no showing had been made that the forum selection clause was "unjust, unreasonable, or invalid," proceeded to dismiss the third party complaint in question without prejudice. Id. This Court finds Kennebec Telephone persuasive, as Swami's claims against Maplewood arise out of the parties' relationship established by the Maplewood/AVN Agreement. (Third-Party Complaint of Jan. 28, 2008 ¶¶ 8-13.) Additionally, Swami's objections to the enforcement of the forum selection clause in this Court do not possess great weight. (Swami Br. at 15.) Federal civil practice permits discovery against both parties and non-parties,

6

and Swami raises no particularized objection to the availability of Maplewood under the Federal Civil Rules.  Fed. R. Civ. P. 45.  The claims of indemnification and contribution against Maplewood, furthermore, do not provide a risk of inconsistent verdicts if the Third-Party Complaint is dismissed, because the claims based on the Swami/AVN/Maplewood relationship may well be resolved on factual and legal grounds not related to the Days Inn action against Swami and the other parties.  This Court, therefore, finds that the Third-Party Complaint against Maplewood must be dismissed without prejudice so that it may be re-filed in compliance with the forum selection clause.  Because this Court finds that the Third-Party Complaint must be dismissed based upon the forum selection clause, it is not necessary to reach the impleader and necessary party issues.

## CONCLUSION

For the reasons heretofore given, this Court grants Third-Party Defendant Maplewood's motion to dismiss.  An appropriate Order accompanies this Opinion.


DATED: November 17, 2008                              /s/ Jose L. Linares
                                                          United States District Judge